**SO ORDERED.**

**SIGNED this 19 day of May, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>CHRISTOPHER LUJANO & ANITA LUJANO<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>04-51943-C<br><br>CHAPTER 13 |

### ORDER DENYING MOTION TO SET HEARING

CAME ON for consideration the foregoing matter. Mortgage Electronic Registration Systems, Inc. seeks to reset a hearing on motion for relief from stay.[1] The motion was filed April 24, 2006. The original motion for relief from stay was filed October 21, 2005, and was ultimately set for hearing on December 5, 2005. At the hearing, both parties announced an agreed order would be forthcoming. Based on that announcement, a proceeding memo was noted on the docket. The movant states that, now, "an agreement cannot be reached in this matter," and want another hearing.

The motion is not well-taken. When a matter is set for hearing or trial, and the parties

---

[1] The motion was docketed by the movant's counsel as a motion to continue hearing, even though the motion was filed five months *after* the scheduled hearing. The title of the motion is "motion to set hearing."

appear, their options are limited. They may try the matter to resolution. The movant may withdraw the matter. The respondent may default, or declare they do not oppose the relief requested. The parties may request the matter be continued. Or the parties may, as they did here, announce that the matter has been settled, with a form of order to come. The announcement on the record (or the trial of the matter) disposes of the matter.

The option that is *not* available is the one sought by the movant here – to withdraw the announcement of an agreement. By the time of trial, the parties are presumed either to be ready to try their case, or to announce that they have settled their case in one fashion or another, as described above. The announcement "we are trying to settle this matter" or "we hope to settle this matter" or "we think we might have a settlement" is not a settlement announcement. It is an acknowledgment that the parties have *not* been able to settle the matter, at which point their only choice is to proceed to trial.

This is the way it must be. Otherwise, a trial setting becomes merely aspirational, with parties never really knowing whether they should or should not bring witnesses and exhibits. What is more, if parties can freely announce only a hoped for settlement, then parties will be encouraged to break deals. The court will no longer be able to enforce settlements announced on the record, out of concern that the settlement might not be real. Courts will either have to do interminable resets (which is sure to discourage parties from ever reaching a settlement, because they will not be facing a hard deadline), or will have to reject all settlement announcements out of hand unless they are reduced to writing at the time of the hearing. The latter option, though available, places unrealistic burdens on busy counsel, and insults the honesty and integrity of the bar.

If the parties announce a settlement, but are subsequently unable to reach an agreement, the only option available for the moving party is to refile the motion (and pay a new filing fee). Only

in this way can the court rely on settlement announcements made in open court. If one party later refuses after the fact to agree to the settlement terms, that is a breach of the agreement, which can (and will) be enforced by the court. If a party submits what purports to be the settlement, and the form of order does not, in fact, represent the terms of the settlement, the remedy is (and always has been) a motion for reconsideration (and possibly a motion for sanctions under Rule 9011). The parties are not free to repudiate a settlement once it is announced on the record, however.[2]

The motion to set hearing is denied.

###

---

[2] A party concerned that the terms be laid out with sufficient enforceability can and should read the terms into the record at the time of the hearing. The clerk of court will treat *any* announcement of settlement (regardless how phrased) as a settlement announcement that can *only* be followed by the entry of an agreed order or, failing the submission of a form of order, a dismissal of the matter. Neither the clerk of court nor the judge will be forced to parse the phraseology of the announcement to divine whether a settlement has or has not been reached. If the parties do announce a settlement, then it is settled. If they announce that they hope for a settlement, then the matter is not settled and must either be tried or, for good cause shown, continued. Once the announcement has been made, the parties are bound by the announcement and are not free to "reset" the motion after the fact as though no announcement had ever been made.